O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-940-DOC(DFMx)            Date: August 19, 2014

Title: ARCHETTE WELLNESS GROUP, INC., ET AL. V. SEYCHELLE
       ENVIRONMENTAL TECHNOLOGIES, INC., ET AL.

PRESENT:    THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION TO DISMISS THE FOURTH AND SIXTH CAUSES OF ACTION [8]**

      Before the Court is Defendants Seychelle Environmental Technologies, Inc., Cari Beck, as trustee of TAM IT, Carl Palmer, and Richard Parsons' (together, "Seychelle's") Motion to Dismiss the Fourth and Sixth Causes of Action (Dkt. 8) ("Motion" or "Mot"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the Motion, Opposition (Dkt. 11) ("Opp'n"), and Reply (Dkt. 12), the Court GRANTS Seychelle's Motion.

     **I.**     **Background**

      The Court draws the following facts from Plaintiff's Complaint ("Compl."), Notice of Removal (Dkt. 1) Ex. 1. In 2012, Plaintiff Archette Wellness Group, Inc. dba Functional Water Technologies ("Archette") entered into an agreement ("Agreement") with Seychelle whereby Archette was the exclusive distributor of certain Seychelle water filtration products. *See* Compl. ¶¶ 11, 13. In the Agreement, Seychelle expressly represented that in supplying its water filtration products, it would comply with all applicable federal, state, and local laws. *See* Compl. ¶¶ 24, 78, 94. California law requires that any filtration products that claim to improve the health or safety of drinking water be certified and registered. Seychelle was aware that its water filtration products

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-940-DOC(DFMx)            Date: August 19, 2014

Page 2

---

were required to be certified and registered. *See* Compl. ¶¶ 77-80, 93-96. However, Seychelle failed to obtain registrations. Compl. ¶¶ 25-26. Archette relied on Seychelle's false representations that the water filtration products that they sold to Archette were in compliance with all laws, Compl. ¶¶ 81, 97, and was subsequently damaged by Seychelle's misrepresentations through Archette's investment in the Agreement. Compl. ¶¶ 82, 98.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall*, 629 F.3d at 998.

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-940-DOC(DFMx)             Date: August 19, 2014

                                                                                             Page 3

1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

## III. Discussion

The key issue in this Motion is whether Seychelle and Archette each have an independent duty to certify the water treatment device as manufacturers. Seychelle seeks to dismiss two claims from Archette's complaint: fraudulent inducement and negligent misrepresentation (the fourth and sixth causes of action).

Archette argues that Seychelle knowingly misrepresented that its water filtration products were in compliance with state laws. Compl. ¶¶ 26, 76, 93. Furthermore, Archette argues that the Seychelle's misrepresentations induced Archette into entering into the Exclusive Distribution Agreement with Seychelle. *Id.* ¶¶ 78, 96.

### a. Fraud and Negligent Misrepresentation Elements

The elements of a claim for fraudulent inducement consist of "(a) a misrepresentation []; (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Hinesley v. Oakshade Town Ctr.*, 135 Cal. App. 4th 289, 294 (2005). The elements of a claim for negligent misrepresentation "consist of (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom the misrepresentation was directed, and (5) resulting damage." *Ragland v. U.S. Bank Nat'l Ass'n*, 209 Cal. App. 4th 182, 196 (2012).

The parties dispute only whether Archette has sufficiently alleged reasonable reliance, causation and damages. Seychelle contends that Archette had an independent duty to certify products that it intended to distribute in California regardless of whether Seychelle certified the products before selling them to Archette. Mot. at 5-6. Therefore, Seychelle argues that even if Archette's allegations are true, Archette's alleged damages are the result of Archette's own failure to obtain its own certification of the water filtration devices, not a result of Seychelle's failure to obtain a certification. *Id.* at 7. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-940-DOC(DFMx)            Date: August 19, 2014
                                                                                             Page 4

Court first turns to whether Archette had an independent statutory duty to obtain certification.

       b. Statutory Interpretation

Under the California Health & Safety Code, "Manufacturer" means any of the following:

> (1) A person that makes, converts, constructs, or produces water treatment devices for the purposes of sale, lease, or rental to individuals, corporations, associations, or other entities.
>
> (2) A person that assembles water treatment devices or treatment components from components manufactured by another entity.
>
> (3) A person that adds its own product name or product identification to water treatment devices or treatment components that have been manufactured or assembled by another entity.

Cal. Health & Safety Code § 116825(f)(1)-(3).[1] Seychelle falls under definition (1) and Archette under definition (3) of this code, and both agree that they each qualify as manufacturers. *See* Mot. at 7; Opp'n at 7. This code also provides:

> Commencing January 1, 2014, *each manufacturer* that offers for sale in California a water treatment device for which it makes a health or safety claim shall, for *each water treatment device* for which the manufacturer does not have a valid, unexpired certificate issued by the department prior to December 1, 2013, annually submit to the department the following information, together with the fee prescribed in Section 116850, for purposes of the department publishing the information on its Internet Web site . . .

---

[1] The statutory scheme governing water filtration devices was amended in early 2014. The parties both represent, however, that the only substantive change relevant to this issue is that certification must now be acquired from a private third party. *See* Mot. at 5 n.1; Opp'n at 6 n.1. The parties cite to the amended statutes. The Court therefore cites the amended statutes for simplicity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-940-DOC(DFMx)            Date: August 19, 2014
                                                                                  Page 5

---

*Id.* at § 116832(a) (emphasis added).

       Seychelle argues that the plain language of section 116832(a)'s requirement that "each manufacturer" have a certificate makes it clear that both Seychelle and Archette are required to have certificates. *See* Reply at 2-3. Further, Seychelle points out that if the California Legislature wanted to enact a statutory regime in which products only needed to be registered once, it could have phrased the statute as "a manufacturer for each product" must register the product. *Id.* at 3.

       On the other hand, Archette argues that each water treatment device must only be certified once. Opp'n at 6. Archette points to California Health & Safety Code § 116835(a), which provides that:

> A water treatment device for which a health or safety claim is made shall not be sold or otherwise distributed unless the device is included on the list of water treatment devices published on the department's Internet Web site pursuant to Section 116845 and has been certified by an independent certified organization that has been accredited by the American National Standards Institute.

Cal. Health & Safety Code § 116835(a). Archette uses this provision of the code to argue that the statutory scheme means that each individual device must be registered once and does not mean that every company that may be deemed a "manufacturer" for a given water treatment device under section 116825(f) must separately certify and register that same device. *See* Opp'n at 6-7.

       Finally, Archette argues that the purpose of California's water treatment device regulations is to protect consumers from products that falsely claim to improve the health or safety of drinking water. Opp'n at 7-8 (citing *People v. PuriTec*, 153 Cal. App. 4th 1524, 1535-37 (2007)). Seychelle in turn argues that the Legislature's intent to protect consumers from companies that might falsely claim that their products have health or safety benefits is not inconsistent with the statute requiring that each manufacturer independently register the water filtration devices. Reply at 5. Seychelle contends that the law treats products sold under two different model names as two different products so that consumers can confirm the certification of regulated products that they purchase. *Id.* at 5. For example, a consumer purchasing Archette's product is unlikely to know that Seychelle is the original manufacturer, however that is not problematic under a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-940-DOC(DFMx)            Date: August 19, 2014
                                                                                                    Page 6

---

certification scheme where Archette is required to independently certify products. *See id.* at 5.

       Ultimately, the Court agrees with Seychelle's reading of the relevant statutes. It is true that Section 116832, which provides that a manufacturer is penalized for "each . . . device" without a certification, could suggest that as a device must have *some* certification, but not necessarily a separate certification from each manufacturer. *See* Cal. Health & Safety Code § 116832(a). However, the provision also states that the penalty applies is owed for "each . . . device for which *the manufacturer* does not have a valid, unexpired certificate." *See id.* This could be equally read to require the manufacturer in question to have its own certificate for each device.

       This is in line with the definitions of "manufacturer," which specifically includes entities that have had no part in the creation or assembly of a product but that "adds its own product name or product identification" to the device. *See* Cal. Health & Safety Code § 116825(f)(3). In adding this definition, the California Legislature ensured that consumers would be able to identify whether their products were properly certified based on the name under which the product is marketed, not only the name of a possibly unidentified original manufacturer. This is directly in line with the legislative intent to protect consumers and allow them to easily verify via a central website that the product they purchased is properly certified. *See PuriTec*, 153 Cal. App. 4th at 1535-37. Therefore, Archette had an independent duty to obtain certification for the products it marketed under its own name and labeling.

          c. Reasonable Reliance, Causation, and Damages

       Because Archette had an independent duty to obtain certification, the Court must turn to the question of whether a fraudulent inducement claim or negligent misrepresentation claim can lie. Archette's claimed damages are comprised of the money it invested in Seychelle and its products. The complaint does not plead facts showing a sufficient causal connection between Seychelle's failure to acquire a separate certificate and the loss of Archette's investment. The Court therefore concludes that Archette has not pled sufficient facts showing that Seychelle's failure to obtain a certification caused the damage Archette claims. Leave to amend is appropriate, however.

**IV.**    **Disposition**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-940-DOC(DFMx)  Date: August 19, 2014
Page 7

  The motion is GRANTED and the Court DISMISSES WITHOUT PREJUDICE the fourth and sixth causes of action in the Complaint. Archette may file an amended complaint, if at all, on or before **September 8, 2014**.

  The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                     Initials of Deputy Clerk: jcb